UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0450-B-2 |
| | § | |
| KHAMLOR BOULYAPHONH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Khamlor Boulyaphonh's Motion for Compassionate Release (Doc. 205). For the reasons set forth below, the Court **DENIES** Boulyaphonh's motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

After Boulyaphonh pleaded guilty to one count of conspiracy to defraud the United States and four counts of making false statements on income tax returns, the Court sentenced him to thirty-seven months of imprisonment and one year of supervised release. Doc. 147, J., 1–3. Boulyaphonh, who is now sixty years old, is serving his sentence at Giles W. Dalby Correctional Institution (CI). His scheduled release date is March 14, 2023.[1] Boulyaphonh previously filed a motion for compassionate release (Doc. 195), which the Court denied by an Order dated January 7, 2021. Doc. 200, Mem. Op. & Order, 1. On May 24, 2021, Boulyaphonh filed his second motion

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed June 8, 2021).

for compassionate release. Doc. 205, Def.'s Mot., 1. The Court reviews Boulyaphonh's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(I)).

## III.

## ANALYSIS

*A.  Boulyaphonh Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[2]

In support of his motion, Boulyaphonh provides a copy of a request for compassionate release

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

he sent the warden, dated April 2, 2021, as well as the warden's response denying his request, dated April 13, 2021. Doc. 205, Def.'s Mot., 9, 11. This evidence—particularly the warden's letter denying Boulyaphonh's request—demonstrates "the lapse of 30 days from the *receipt* of such a request by the warden of the defendant's facility." § 3582(c)(1)(A) (emphasis added). Thus, Boulyaphonh has satisfied the exhaustion requirement under § 3582, and the Court turns to the merits of his compassionate-release motion. *See Ezukanma*, 2020 WL 4569067, at *2–5.

B.  *Boulyaphonh Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Boulyaphonh exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical

condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[3] However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating a prisoner's motion in light of *Shkambi*'s holding). Considering Boulyaphonh's motion in light of § 1B1.13 and applying the Court's discretion, the Court concludes that Boulyaphonh has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A).

As he did in his first motion for compassionate release, Boulyaphonh argues that his medical conditions warrant compassionate release. Doc. 205, Def.'s Mot., 3–4; *see* Doc. 195, Def.'s Mot., 1. Boulyaphonh explains that "he suffers from [a] heart condition and other health problems[,] including A-fib, Abnormal EKG, Acute left ankle pain[,] . . . chest pain, Diastolic dysfunction,

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

Hypertension, Left Ventricular Hypertrophy, Atrial flutter, Benign essential hypertension, Microcytosis, High Blood Pressure [and] Heart problems[.]" Doc. 205, Def.'s Mot., 3 (quotation marks omitted). As Boulyaphonh acknowledges, *see id.* at 3–4, the Court previously found these conditions did not warrant compassionate release. Doc. 200, Mem. Op. & Order, 3–5. However, Boulyaphonh alleges that his conditions have deteriorated and that he has developed high cholesterol and "pre[-]diabetes". Doc. 205, Def.'s Mot., 3–4. He also claims his vision and hearing have deteriorated. *Id.* at 4.

Although Boulyaphonh's records substantiate many of his medical conditions, *see generally* Doc. 206, Def.'s Suppl., he has not shown how his conditions have deteriorated or how they constitute extraordinary and compelling circumstances warranting compassionate release. As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary describes situations where compassionate release may be appropriate. For example, medical conditions of the defendant may warrant release where "[t]he defendant is suffering from a terminal illness" or "suffering from a serious . . . condition, . . . impairment, or . . . deteriorating physical or mental health because of the aging process." § 1B1.13(1)(A) cmt. n.1(A).

While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. The Court does not require the exact scenarios described in the commentary to § 1B1.13. However, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency. And Boulyaphonh has not shown that his conditions involve necessity and urgency such that compassionate release is

warranted.

For example, despite his alleged heart problems, his medical records describe his heart as "normal" as recently as March 10, 2021. Doc. 206, Def.'s Suppl., 63. Additionally, his cardiac control was "[g]ood," and his status was described as "[s]table" during his physical examination on March 2, 2021. *Id.* at 19. And although he claims to experience diminished hearing and vision, he has not explained or demonstrated why these alleged conditions warrant his release. *See generally* Doc. 205, Def.'s Mot. Moreover, Boulyaphonh's medical records do not indicate that he has any untreated, severe conditions or that he has experienced hospitalizations or other health-related crises. *See generally* Doc. 206, Def.'s Suppl. Overall, there is nothing about Boulyaphonh's alleged medical conditions that give rise to extraordinary and compelling circumstances warranting compassionate release.

Additionally, though Boulyaphonh claims Giles W. Dalby CI cannot provide sufficient care because it "has one doctor for over 1700 inmates," Doc. 205, Def.'s Mot., 4, his medical records indicate that he receives frequent medical attention. *See generally* Doc. 206, Def.'s Suppl. Indeed, Boulyaphonh's medical records show that he can consult medical professionals and has access to adequate care and medications when needed. *See generally id.* Moreover, while he claims his "pre[-]diabetes" has gone untreated, Doc. 205, Def.'s Mot., 3–4, his records show that the prison medical facility diagnosed Boulyaphonh's "Diabetes Risk Factors," and provided him with treatment options and advice. *See* Doc. 206, Def.'s Suppl., 48. The Court therefore rejects allegedly inadequate medical care as a basis for Boulyaphonh's compassionate release.

Finally, Boulyaphonh asks the Court to grant him compassionate release because "he's been harassed by both inmates and staff" due to his race. Doc. 205, Def.'s Mot., 5. As discussed, "Congress

never defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction." *Shkambi*, 2020 WL 1291609, at *3. However, Boulyaphonh has failed to provide evidence substantiating this allegation or explain how it constitutes an extraordinary and compelling reason for release. And the Court does not independently find that this allegation warrants compassionate release. Rather, if Boulyaphonh seeks judicial review of his conditions of confinement, he may file a civil-rights complaint. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("[A] civil rights suit . . . is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'").

Overall, there is nothing before the Court indicating that Boulyaphonh's personal circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Boulyaphonh's motion **WITHOUT PREJUDICE.**

C.  *The § 3553(a) Factors Weigh Against Release.*

Finally, even if Boulyaphonh demonstrated extraordinary and compelling reasons warranting release, the Court must consider the sentencing factors set forth in § 3553, to the extent they are applicable. § 3582(c)(1)(A). Section 3553 requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). And as the Court stated in its Order denying Boulyaphonh's first motion for compassionate release, "the Court is not persuaded that these factors support Boulyaphonh's request." *See* Doc. 200, Mem. Op. & Order, 5.

After Boulyaphonh pleaded guilty to one count of conspiracy to defraud the United States and four counts of making false statements on income tax returns, the Court found thirty-seven months of imprisonment appropriate to serve the goals of § 3553. *See* Doc. 147, J., 1–3. Indeed,

Boulyaphonh failed to report "substantial income in each of" four calendar years. Doc. 89, Superseding Indictment, 6. And with a statutory release date of March 14, 2023, approximately twenty-one months—or roughly fifty-six percent—of Boulyaphonh's sentence remain to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences"). The § 3553(a) factors thus weigh against Boulyaphonh's release. This is an independent justification to deny his motion.

## IV.

## CONCLUSION

Boulyaphonh's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release and the §3553(a) factors weigh against his release. For these reasons, the Court **DENIES** Boulyaphonh's motion (Doc. 205) **WITHOUT PREJUDICE**.

By denying Boulyaphonh's motion without prejudice, the Court permits Boulyaphonh to file a subsequent motion for compassionate release in the event he can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances. Moreover, Boulyaphonh must convince the Court that a weighing of the § 3553(a) factors supports his release.

SO ORDERED.

SIGNED: June 8, 2021.

                                                    JANE J. BOYLE
                                                  UNITED STATES DISTRICT JUDGE